IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER STEELE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2743-M-BN |
| | § | |
| AMCOL SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. The undersigned issues the following findings of fact, conclusions of law, and recommendation that this action should be remanded to state court.

**Applicable Background**

Defendant Amcol Systems, Inc. ("Amcol") removed this action to federal court on the basis that the original state court petition included a claim under the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). *See* Dkt. No. 1. Plaintiff Jennifer Steele, proceeding *pro se*, moved to remand this action to state court, citing the amended complaint she filed in this Court after removal [Dkt. No. 6], in which she dropped her FDCPA claim, the sole federal cause of action, *see* Dkt. No. 7; *see also* Dkt. No. 6 (alleging only a claim under the Texas Deceptive Trade Practices

Act).

The Court ordered briefing on the motion to remand. *See* Dkt. No. 8. Amcol filed a response stating that, "[g]iven Plaintiff's Amended Complaint and the removal of the FDCPA claim," it did not oppose remand. Dkt. No. 9. And the deadline for Steele to file a reply brief passed without her filing one. *See* Dkt. No. 8.

## Legal Standards and Analysis

<u>Removal Jurisdiction</u>

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and

cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citation and internal quotation marks omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

<u>Steele's Amendment</u>

The undersigned finds that Steele's September 29, 2016 amendment as a matter of course – made less than 21 days after Amcol answered the original petition in state court on September 19, 2016, *see* Dkt. No. 1-1 at 1 – is proper, *see* FED. R. CIV. P. 15(a)(1); *cf. Parker v. Bill Melton Trucking, Inc.*, No. 3:15-cv-2528-G, 2015 WL 6157321, at *2 (N.D. Tex. Oct. 19, 2015) (where the defendant answered in state court prior to removal, finding that the plaintiff's desire to amend her complaint to substitute a party would require written consent or leave of court under Rule 15(a)(2) "because *21 days have elapsed since* [defendant] served her its answer" (emphasis added)); *Lee v. Wells Fargo Bank*, N.A., Civ. A. No. H-11-1334, 2012 WL 6132510, at *1 (S.D. Tex. Dec. 10, 2012) ("Morgan was not permitted under Rule 15(a)(1) to file his amended complaint as a matter of course. Wells Fargo had previously filed an answer in state court before the suit was removed," and that "motion was filed *more than 21 days before* Morgan's amended complaint." (citations omitted and emphasis added)).

Although the amendment as a matter of course was procedurally proper, it is a "'fundamental principle' that jurisdiction is determined based on the time of removal." *GlobeRanger Corp. v. Software AG United States of Am., Inc.*, 836 F.3d 477, 488 (5th

Cir. 2016) (citations omitted). "Under this general rule, 'most post-removal developments – amendment of pleadings to below jurisdictional amount or change in citizenship of a party – will not divest the court of jurisdiction.'" *Mauer v. Wal-Mart Stores, Inc.*, No. 3:16-cv-2085-BN, 2016 WL 5815892, at *7 (N.D. Tex. Oct. 5, 2016) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987)). Another "of the changed circumstances that does not undo an initial determination of jurisdiction is the dismissal of claims." *GlobeRanger*, 836 F.3d at 489; *see also id.* at 491 (Where "a federal claim fails at the Rule 12(b)(6) stage, is found to lack evidentiary support at the summary judgment stage, or is voluntarily dismissed," "the court no longer has federal question jurisdiction over any pending claim, but the presence of the federal claim at the outset of the case supports supplemental jurisdiction over the remaining state claims." (footnote omitted)).

Therefore, because the existence of the FDCPA claim at the time of removal provided federal question jurisdiction, the post-removal amendment dropping that claim does not divest the Court of jurisdiction. *Cf. Consumer Credit Counseling Svc. of Greater San Antonio v. OneBeacon Lloyd's of Tex.*, No. SA-06-CA-307-OG, 2006 WL 2728906, at *4 (W.D. Tex. Aug. 21, 2006) (denying motion to remand based in part on plaintiff's unsuccessful attempt to lower the amount-in-controversy, noting that "the Court must determine the amount in controversy at the time of removal and subsequent events do not divest the court of diversity jurisdiction" (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000))).

Retaining Supplemental Jurisdiction

"'The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.'" *Watson v. City of Allen, Tex.*, 821 F.3d 634, 642 (5th Cir. 2016) (quoting *Brookshire Bros. Holding v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)).

To determine whether it should "relinquish jurisdiction over pendent state law claims," a court looks to "statutory factors set forth by 28 U.S.C. § 1367(c)" – "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction" – as well as "the common law factors of judicial economy, convenience, fairness, and comity" set forth by *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011).

As "no single factor is dispositive," *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), "[t]he overall balance of the statutory factors is important," *Enochs*, 641 F.3d at 159 (citation omitted).

And, while a court should "guard against improper forum manipulation," *id.* (citing *Carnegie-Mellon*, 484 U.S. at 357), "a motion to amend the complaint to delete the federal claims is not a particularly egregious form of forum manipulation, if it is manipulation at all," *Watson*, 821 F.3d at 642-43 (quoting *Enochs*, 641 F.3d at 160;

brackets and internal quotation marks omitted). If such an amendment is manipulation, it generally is "'not so improper as to override the balance of the statutory and common law factors weighing heavily in favor of remand.'" *Id.* (quoting *Enochs*, 641 F.3d at 161).

The undersigned cannot find that any forum manipulation overrides the balance of the statutory and common law factors here. That balance of factors clearly favors relinquishment of jurisdiction over the remaining less-than-novel state-law claim, considering the early stage of this matter, in which the Court has not expended considerable resources, and the parties' agreement that this case should proceed in state court. The undersigned therefore finds that the motion to remand should be granted.

## Recommendation

The Court should grant the motion to remand [Dkt. No. 7] and remand this action to the Justice Court, Precinct 5 Place 2, Dallas County, Texas, from which it was removed,

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 9, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE